IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY L. CAMERON, #154328, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-931-WHA |
| | ) | (WO) |
| | ) | |
| KIM THOMAS and CORIZON, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Johnny L. Cameron ("Cameron"), an indigent state inmate. In the instant civil action, Cameron challenges the constitutionality of medical treatment he received at the Kilby Correctional Facility from his arrival at this facility on October 31, 2013 until his transfer to the Fountain Correctional Facility on January 14, 2014. He also challenges the constitutionality of medical treatment provided to him at Fountain Correctional Facility since his transfer there. A thorough review of the pleadings filed in this case demonstrate that the vast majority of the claims raised herein address the medical treatment Cameron has received and continues to receive at Fountain.

Upon review of the factual allegations presented in the complaint, the defendants' special report and the plaintiff's affidavit filed on April 20, 2016, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.

## II.  DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  The bulk of the complaint relates to medical treatment Cameron received while incarcerated at Fountain Correctional Facility within the Southern District of Alabama.  In addition, medical personnel with personal knowledge of the alleged violations that occurred or are occurring at Fountain Correctional Facility are located within the Southern District of Alabama.  The named defendants commonly defend suits in all federal courts of this state.  Ultimately, it is clear that the majority of witnesses and evidence associated with this case are located in the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for disposition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further ORDERED that on or before May 5, 2016 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 21st day of April, 2016.

                                                /s/ Gray M. Borden
                                     UNITED STATES MAGISTRATE JUDGE